UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNLEASHED DOGGIE DAY CARE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES STORES, INC.,<br><br>Defendant. | C.A. No. 1:10-CV-10742-DJC |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendant Petco Animal Supplies Stores, Inc. ("Petco") submits this Statement of Undisputed Material Facts in support of Petco's Motion for Summary Judgment.

**I.      Unleashed by Petco**

1.      Defendant Petco operates large-scale retail pet supply stores ("Petco Main") nationwide. In late 2008, Petco undertook to develop a presence in local neighborhoods, ultimately creating a new concept store called "Unleashed by Petco." This new model of stores is designed to bring Petco Main's best-selling retail products into more convenient, hometown locations. (Seremetis Decl. ¶15.)

2.      Petco first launched its new Unleashed by Petco concept stores in Southern California in 2009, and later began the process of rolling out stores across the country. (*Id.* ¶ 29.) Petco has opened seven Unleashed by Petco stores in Massachusetts, including one Beverly, which opened on May 15, 2010. (*Id.* ¶ 21.)[1] Unleashed by Petco stores in Massachusetts sell pet supplies, but they have no pet sitting or pet grooming facilities and do not offer those services

---

[1] Although the parties differ as to the date on which the Unleashed by Petco store opened (UDDC claims it opened on April 26, 2010, Am. Compl. ¶ 9), the timing difference is immaterial to the issues in dispute.

through any other party.  (Little Decl. ¶¶ 3-13.)[2]

3. Petco evaluated the availability of potential marks before selecting a brand for its new concept store (Little Decl. Ex. A), and developed the mark "Unleashed by Petco" to distinguish itself from other users of "Unleashed" (*see* Seremetis Decl.).  Petco considered alternative brands and took steps to inform itself of others' rights before acting.  (*Id.*)

4. When the Petco Executive Committee recommended that a new concept store be named "___ by Petco," all that was left was to fill in the blank.  (Seremetis Decl. ¶ 6.)  The word "unleashed" was chosen because it fit the brand concept for Petco's new, smaller retail store and Petco had already been using the name "Petco Unleashed" to promote its Chihuahua Race events.  (*Id.* ¶¶ 11, 13; White Decl. ¶ 3 (ECF No. 33).)

5. After obtaining the results of a trademark search performed by outside counsel, Petco applied to register the mark, "Unleashed by Petco" because it believed that the mark is sufficiently distinguished from other uses of "Unleashed" in the market.  (Little Decl. ¶ 8.)  The Defendant was aware that the Plaintiff had applied for a trademark for "Unleashed," but also knew that the Plaintiff had abandoned that application in the face of an Opposition claiming prior rights.  (*See* Blumgart Dep. I Ex. 1 (ECF No. 40, Ex. E).)

II. **Unleashed Doggie Day Care**

6. Plaintiff UDDC is a pet daycare and grooming business, with a small retail store, in Beverly, Massachusetts owned and operated by Oliver Blumgart.  Blumgart started out as Beverly Petsitters in June 2000—picking up dogs at home taking them out for hikes in the area.  (Blumgart Aff. (ECF No. 6) ¶ 2.)

---

[2] Although UDDC contends that Unleashed by Petco offers dog walking and pet sitting services in Massachusetts through a partnership with Fetch! Pet Care, there is no record evidence supporting that allegation.  In fact, although Petco once had an agreement with Fetch! Pet Care to offer services in Unleashed by Petco stores in California, that agreement has since been terminated, and any services offered by Fetch! Pet Care in Massachusetts, *if any*, are not related to Unleashed by Petco.  (*See* Little Decl. ¶¶ 12-16.)

7. In March 2002 Blumgart opened a sister store, A Cut Above the Rest, to provide dog grooming and a few retail items. (*Id.* ¶ 3.)

8. Blumgart looked into getting a trademark for A Cut Above the Rest, but discovered a haircut place already used it; so in December 2003, he changed the name to "Unleashed - The Shop." (Blumgart Dep. I, June 24, 2010, 10:22-12:7 (Spinney Decl. Ex. A).) This arm of the business moved around Beverly—from 6 Wallis Street to 14 Eliot Street, and finally to its current location at 12 Lothrop Street in 2007. (*Id.* 6:5-10:10.)

9. As Beverly Petsitters, Blumgart became known for allowing the dogs to roam offleash while under his control and supervision. (Blumgart Dep. I 14:2-19.)

10. Blumgart filed two business names with the City of Beverly in July 2002: Unleashed Doggie Daycare and Unleashed. (Blumgart Aff. ¶ 6.) He moved his residence and UDDC to 8 Trask Street, where he operates the daycare facility on the first floor and the yard outside. (Blumgart Dep. I 3:12-4:8).

11. There are no shelves displaying products for customers to buy and no cash register at 8 Trask Street, only a doggie daycare and pet sitting service in which owners can leave their pets for a period of time. (*Id.* 5:23-6:4; Blumgart Dep. II, Sept. 3, 2011, 237:17-23 (Spinney Decl Ex. B).)

12. While both UDDC locations provide and pet sitting services, Unleashed - The Shop at 12 Lothrop Street also offers dog grooming services and some retail products. (Blumgart Aff. ¶ 3.)   Retail sales, however, account for less than 9% of UDDC's business. (Blumgart Dep. I 103:10-125:9, Exs. 6-9 (ECF No. 52, Exs. D, F, E; ECF No. 40, Ex. G).)

13. The Plaintiff has evidence of 669 revenue producing customers (dating back to before the Plaintiff was formed) (*see* Randolph Decl. ¶ 12), and has not increased the number of

outlets for its services since it was formed in 2005. Sales records show that 660 of 669 of Plaintiff's retail customers between 2000 and 2010 were existing clients. (Randolph Decl. ¶ 16.)

14. UDDC's comprehensive list of products offered from 2003-2011, after exclusions for non-product descriptions, comes to 406 different products. (Blumgart Dep. I Ex. 9 (ECF No. 40, Ex. G); Spinney Decl. ¶ 11, Ex. G). UDDC doesn't sell the full panoply of products because Blumgart believes "a lot of it is rubbish." (Blumgart Dep. I 170:20-171:1.) Instead, Unleashed - The Shop only offers selective, higher-end products. (*Id.* 171:7-17.)

15. UDDC makes retail sales to clients who come to pick up their pets who were brought to UDDC for other services. (*Id.* 169:11-170:19.)

### III. The Parties' Advertising

16. UDDC clients find Blumgart almost exclusively through word-of-mouth recommendations about his pet sitting services. (Blumgart Dep. I 164:15-21.)

17. UDDC's on-the-ground advertising efforts have consisted of print ads or mailings. (*Id.* 157:5-159:6; 161:11-164:21.)

18. UDDC's advertising efforts have extended to towns in the North Shore in Massachusetts. (*Id.* 161:11-163:20.)

19. Blumgart has testified that, in addition to telephone book listings or ads, he purchased local print advertising in or about 2005 (*id.* 161:11-24) and 2011 (Blumgart Dep. II 225:8-24) and that he sent a mailing in or about 2000 and 2006 (Blumgart Dep. I 162:10-163:20).

20. UDDC creates its own advertising in-house. (*Id.* 161:11-164:21.)

21. UDDC's advertisements alternated between variations on the UDDC brand— sometimes using a classic script font with thin lettering (*see* ECF No. 39-4), other times using all

uppercase in bold letters (*see* Spinney Decl. Ex. H).  *See also* ECF No. 6 (Exs. 13-15).

22.  The Plaintiff has only purchased one print ad in addition to the telephone book listing, reporting expenditures from June 2010 to May 2011 of $2,692.55.  (Blumgart Dep. II 224:20-226:24, Ex. 100 (Spinney Decl. Ex. E).)  Other than that, Plaintiff's financial records record a total of $56,851.24 in advertising expenses over the ten year period 2000-2010. (Blumgart Dep. I Ex. 11 (ECF No. 40, Ex. D)).

23.  Petco has an entire department of marketing professionals who tested and developed standard rollout guidelines to maintain the Petco corporate image when promoting the Unleashed by Petco brand.  (*See* Seremetis Decl. ¶ 23, Ex. G.)  Unleashed by Petco stores receive professional direction from Petco's department of marketing professionals, who develop innovative ways to bring in customers each month.  (*Id.* ¶ 23-28, Ex. H.)

24.  At Unleashed by Petco's grand opening of the Beverly, Massachusetts store, in accordance with the Grand Opening How-To Guide (Seremetis Decl. Ex. G), uniformed Unleashed by Petco employees stood on the corners at traffic lights with large arrows pointing in the direction of the new store; oversized red, orange, yellow and brown balloons were stationed around the parking lot (*see* ECF No. 39-5).

25.  UDDC often displays its mark in connection with a paw logo.  (Blumgart Aff. Exs. 13-15 (ECF No. 6); Spinney Decl. Ex. H (depicted in part below).)



26. The Unleashed by Petco mark consistently depicts the word "unleashed" underlined by a collar and leash bearing the words "by Petco" in the corporate Petco Main font. (Seremetis Decl. ¶18.)³   Defendant's mark is always in thick letters using a modern white font. (*Id.* Ex. E.)  It is set in a brown background with a graphic design of a green and orange collar and leash that underlines the lettering.  (*Id.*)  Defendant's mark always begins with a lowercase letter.  (*Id.*)



**IV.   UDDC's Asserted Trademark**

27. "Unleashed" is not a registered mark.  (Op. at 4; Blumgart Dep. I 98:21-99:13.)

28. Mr. Blumgart has testified that he personally owns the unregistered "Unleashed" mark.  (Blumgart Dep. I 15:21-16:4.)

29. Blumgart did not undertake a formal trademark search before using the term "Unleashed" in connection with his business.  (Blumgart Dep. I 57:6-59:11.)

30. The Plaintiff's use of "Unleashed" as part of its name and composite marks since it was formed in 2005 has varied significantly.  (*Id.* 81:21-82:9.)

31. On June 3, 2003 Blumgart applied to personally register the trademark "Unleashed" with the USPTO for the "Dog Grooming and Boarding Services and supplies and

---

³ The Plaintiff claims that there were signs displaying "New at Unleashed"  without the "by Petco" designation at the Beverly store (Am. Compl. ¶ 15), and Petco acknowledges that at some point in 2011 a sign or cling ad that was mistakenly displayed at this store, but those signs were removed by April 2011 (Little Decl. ¶ 18).

Retail store services in the field of animal and pet supplies" category. (*Id.* Ex. 1 (ECF No. 40, Ex. E).) At that time, Blumgart was operating his business as a sole proprietorship d/b/a "Unleashed." (Blumgart Dep. I 20:6-12.)

32.     June 3, 2003, Mr. Blumgart, who claims to personally own the mark "Unleashed" (*Id.* 15:21-16:4), applied to the USPTO to register that mark for the categories "Dog Grooming and Boarding Services and supplies and Retail store services in the field of animal and pet supplies" (*id.* Ex. 1). In a January 2, 2004 Office Action, the USPTO deemed Blumgart's recitation of services unacceptable as indefinite. (*Id.* Ex. 1 at U0075.)

33.     In response, Blumgart filed an Amendment deleting retail from the goods and services description in his application, narrowing the scope to just dog boarding services. (*Id.* at U0070.)

34.     The registration process alerted Blumgart to the fact that there were other users of "Unleashed" in his requested field of use. (*Id.* at U0073-83.) Specifically, the PTO initially found that there was a likelihood of confusion between UDDC's "Unleashed" and a dog/cat daycare called "Unleash Yourself" in Portland, Oregon. (*Id.* at U0073-74.)

35.     In response, Blumgart argued that there was no likelihood of confusion between "Unleashed" and "Unleash Yourself" (*id.* at U0071) when the marks as used were considered in their entirety (*id.* ("the attorney must consider the likelihood of confusion of the marks as a whole")), which succeeded in getting his application published for comment.

36.     Mr. Blumgart continues to agree that there is no likelihood of confusion between "Unleashed" and "Unleash Yourself." (Blumgart Dep. II 274:2-11.)

37.     On April 4, 2005, Christi Blaskowski, dba Unleashed, Behavior and Training Services of Shakopee, Minnesota, filed an Opposition to Blumgart's application asserting prior

use of that mark for competing dog care services. (Blumgart Dep. I, Ex. 1 at U0090-93.)

38. In the face of that Opposition, Blumgart abandoned his trademark application. (*Id.*) Nevertheless, Blumgart continued to affix the symbol ™ to the word "Unleashed" on UDDC documents to suggest to the public that he owned or was pursuing trademark rights in that term. (Blumgart Dep. I 94:20-95:2). UDDC even falsely represented, "Unleashed™ is a registered Trademark of Unleashed™ Doggie Day Care, LLC" on one of its client forms. (*Id.* 98:4-8, Ex. 3 (ECF No. 40, Ex. F).)

39. Blumgart admits that he understood he was no longer free to use just "Unleashed" as his mark: "We called it Unleashed-Doggie Daycare because originally I wanted to call it Unleashed, but was told that it had to describe or be used as an adject—I can't remember the exact thing, but you couldn't just use the one word." (*Id.*)

40. UDDC's counsel has acknowledged that the Plaintiff's alleged mark is "descriptive when it's applied to doggie day care." (Status Conf. Tr. 13:18-21, May 26, 2010, (Spinney Decl. Ex. C).) In fact, according to Mr. Blumgart, Unleashed Doggie Daycare was intended to be descriptive of the services Plaintiff provides. (Blumgart Dep. I 14:5-10, 13:4-12 ("[I]it was basically a description of what we were doing and what we felt described the services and products that we offered. So it was more about a lifestyle of, for the dogs, than what was being offered by other places at the time.")

41. Plaintiff's counsel acknowledged that the Plaintiff's mark is descriptive of its dog care services. (Status Conf Tr. 13:15-21, May 26, 2010.)

42. As displayed on its products, advertisements, web page, and business cards produced during discovery, the Plaintiff continues to hold itself out as "Unleashed Doggie Day Care, LLC"; "Unleashed - the Shop"; and "unleasheddoggiedaycare.com." (Blumgart Dep. I

3:19-20, 6:7-9, 136:2-8.)

### V.     Asserted Confusion

43.     Mr. Blumgart testified that he is not aware of any customers UDDC has lost as a result of Unleashed by Petco's opening.  (Blumgart Dep. II 242:3-7.)

44.     UDDC offered two affidavits from customers it alleges were confused.  One affiant, William A. Scofield, a UDDC customer and a partner in a law firm specializing in intellectual property law, stated in his affidavit that when he first saw the Unleashed by Petco sign, he thought that it conveyed the impression that Petco had acquired, or was affiliated with, what he called "Oliver's Unleashed business," though he knew this not to be true.  (Scofield Aff. ¶¶ 14, 15 (ECF No. 22).)  When Mr. Scofield first saw the store, he remarked, "Oh, my God, that is the Unleashed by Petco store."  (Scofield Dep. 33:12-34:2 (Spinney Decl. Ex. F).)

45.     The other affidavit was that of Joanne S. Hall, another UDDC customer, who saw the Unleashed by Petco sign and proceeded to enter the store only to chastise the manager for using the mark in Beverly.  (Hall Aff. ¶ 7-8 (ECF No. 23).)

46.     Mr. Blumgart's deposition revealed that he called a veterinary clinic (inquiring about something else), when Ms. Weissman answered the phone and asked "what happened on Saturday?"  (Blumgart Dep. II 287:19-24.)  Mr. Blumgart testified that Ms. Weissman said she heard from "so-and-so" that a dog was bitten at a playgroup at his facility  (*id.* 286:17-288:13) and admitted that he had no idea how many people the story went through before it got to Ms. Weissman (*id.* at 290:22-291:11).  Mr. Blumgart himself then called the animal control officer and reported what he had learned of the incident.  (Blumgart Dep. II 291:12-293:19.)

|  |  |
|---|---|
|  | PETCO ANIMAL SUPPLIES STORES, INC.<br>By its attorneys,<br><br>*/s/ Elizabeth A. Spinney*<br>Elizabeth A. Spinney (BBO #657848)<br>Steven M. Cowley (BBO #554534)<br>Deborah Higashi Dodge (BBO #672838)<br>EDWARDS WILDMAN PALMER LLP<br>111 Huntington Avenue<br>Boston, MA  02199-7613<br>Tel. 617.239.0100<br>Fax 617.227.4420<br>espinney@edwardswildman.com<br>scowley@ edwardswildman.com |
| Dated: October 21, 2011 | ddodge@ edwardswildman.com |

**CERTIFICATE OF SERVICE**

    I, Elizabeth A. Spinney, hereby certify that on October 21, 2011 this document was electronically filed using the Court's ECF system, and that a copy was thereby transmitted to Plaintiff's counsel.

                                             */s/ Elizabeth A. Spinney*
                                             Elizabeth A. Spinney