UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Unleashed Doggie Day Care, LLC            Docket No: 1:10-CV-10742 DJC

      v.

PETCO Animal Supplies Stores, Inc.

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Unleashed Doggie Day Care, LLC submits this Memorandum in opposition to Defendant's (Petco's) Motion for Summary Judgment.

Introduction

Unleashed does not own a trademark registration for UNLEASHED. Petco is correct in that assertion. There is no dispute about that one fact. However, the very next assertion, in Petco's Memorandum is that UNLEASHED for goods and services for pets is not distinctive, nor has it acquired secondary meaning. That is a fact very much in dispute.

On one other fact, despite Petco's frantic denials, there can be no dispute. There has been actual confusion between Plaintiff and Defendant.

Finally Petco asserts that Plaintiff cannot name one customer lost to Unleashed by Petco. The Customer Affidavits filed with this Opposition put that notion to rest.

There are several fact issues that remain in serious dispute. Summary Judgment is not appropriate.

Procedural Background

Unleashed filed its Complaint upon being congratulated by several of its customers for its "coming soon" new store in North Beverly Plaza. Faced with this evidence of actual confusion, Unleashed sent notice to Petco, through counsel, pursuant to Mass.G.Law ch. 93A that Petco was engaged in an unfair and deceptive trade practice. Petco chose to ignore Unleashed's demands and instead opened the Unleashed by Petco store in North Beverly Plaza.

Plaintiff filed its Complaint on April 30, 2010, and filed for a preliminary injunction on May 3, 2010.

After expedited discovery and hearing, the Court, O'Toole, J denied Unleashed's motion for a preliminary injunction on December 16, 2010. (Op and Order . ECF 53.)

Plaintiff filed an amended complaint and a supplemental initial disclosure. Defendant moved to strike the Supplemental Initial disclosure. The court granted Defendant's motion to strike the initial disclosures and granted Defendant's Motion to Compel.

Unleased subsequently produced responses to Petco's Discovery requests, including additional information specifically setting forth the information that Petco requested in its Discovery from more than 30 of the individuals identified in Plaintiff's supplemental disclosures.

When Petco states that "Unleashed stipulated that would not use any of the witnesses for whom it had not provided the required information." Petco Memorandum at 2-3; that must be read in light of the fact that Unleashed has provided the required information for most of the identified witnesses and the acknowledgment by Petco's counsel that "Information has been provided for most of those individuals that were disclosed on the supplemental initial disclosures, but not all of them, and plaintiff's counsel has agreed to only put forth those witnesses for whom it has provided the information that was ordered by the Court." (Status Conf. Tr. 4:11-15, Sept 28, 2011, Spinney Decl Ex. D.)

Petco now, despite additional witnesses who will testify to actual confusion, moves this Court for Summary Judgment.

Facts.

Unleashed used the mark "UNLEASHED" for goods and service for pets years before Petco.

Petco knew of Unleashed's prior and continuing use on the mark "UNLEASHED" prior to adopting the mark, and moreover prior to opening its Beverly store literally on top of Plaintiff's long established prior use business.

Unleashed has a fiercely loyal customer base concentrated largely in Essex County Massachusetts.

Unleashed has a well established reputation with the pet owning public in Essex County Massachusetts, and has won awards for its pet care services and its shop.

There have been numerous instances of actual confusion of existing Unleashed customers who believed that Oliver Blumgart and Unleashed were somehow connected to the Unleashed by Petco store.  Plaintiff has now identified more than 30 individuals who were willing to come forward and submit affidavits describing their opinion on the goods and services provided by plaintiff and their initial impression of Unleashed by Petco.

There are clear issues of fact in this case.  Petco contends that Unleashed's reputation is meaningless.  Unleashed has earned its good name through the sweat and effort of Oliver Blumgart and his employees, and that reputation is being traded upon by Petco.

Petco contends that Unleashed's abandonment of an application to federally register a mark is an abandonment of all common law rights.

Argument.

Unleashed has established distinctiveness in its mark in the relevant marketplace.  Petco disputes that fact.

There have been numerous instances of actual confusion between Petco and Unleashed in Essex County Massachusetts.   Petco disputes this fact.

Petco asserts that it had clean hands and took every reasonable step to "clear" the Unleashed by Petco name.  Unleashed has shown that this is not correct.

Petco asserts that because Mr. Blumgart could not name one customer that he lost to Unleashed by Petco, there have been no losses.  Unleashed will show that this is simply wrong.

Conclusion

For the foregoing reasons, this case is not ripe for Summary Judgment.

November 11, 2011                    UNLEASHED DOGGIE DAY CARE, LLC

                                     By its attorney:

                                     /s/ Robert E. Rigby, Jr.

                                     Robert E. Rigby, Jr.
                                     BBO 556,824
                                     39 Dodge Street
                                     Beverly, MA 01915
                                     (978) 578-5654

CERTIFICATE OF SERVICE
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 18, 2011.
/s/Robert E. Rigby, Jr.
Robert E. Rigby, Jr.