UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNLEASHED DOGGIE DAY CARE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES STORES, INC.,<br><br>Defendant. | C.A. No. 1:10-CV-10742-DJC<br><br>Leave to file granted on Nov. 22, 2011 |

### **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Petco Animal Supplies Stores, Inc. ("Petco") submits this reply to Plaintiff Unleashed Doggie Day Care, LLC's ("UDDC") Opposition to Petco's Motion for Summary Judgment ("Opposition," ECF No. 95).

### **ARGUMENT**

UDDC's Opposition papers are mistakenly premised on the belief that it can make up in quantity for what it lacks in quality. Unable to identify any evidence establishing a likelihood of consumer confusion resulting from the parties' respective uses of their marks, UDDC piles nineteen affidavits identifying various negative associations with Petco's mark and positive associations with UDDC's mark. The nature of the factual representations contained in those Affidavits simply is not the type of evidence that is material to a finding of likelihood of confusion, and no quantity of consumers unhappy with Petco's presence in Beverly, Massachusetts will be sufficient to establish any of the elements of UDDC's trademark infringement claim. Because UDDC fails to identify a dispute of fact that is both genuine and material (*see* Fed. R. Civ. P. 56(c)), Petco is entitled to summary judgment on all claims asserted in the Second Amended Complaint. *See Griggs Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990)

(a "genuine" issue only exists "if there is 'sufficient evidence supporting the claimed factual dispute' to require a choice between 'the parties' differing versions of the truth at trial.'") (citing *Garside v. Osco Drug*, 895 F.2d 46, 48 (1st Cir. 1990)).

### A. UDDC's Assertion that Its Mark is Distinctive Does Not In Itself Create an Issue of Fact

"A genuine issue of material fact does not spring into being simply because a litigant claims that one exists." *Griggs Ryan*, 904 F.2d at 115. The extent of UDDC's argument that its mark is distinctive is this: "Unleashed has established distinctiveness in its mark in the relevant marketplace." (Opp. at 4.) UDDC cites no facts supporting this claim. Instead, UDDC merely offers an unsupported opinion that UDDC has "a well established reputation" and asserts that it "has won awards." (*Id.*) While it may very well be true that UDDC is greatly appreciated by its customers and has won awards for its service, these facts do not provide a basis for a claim that its mark is distinctive.

For example, the Affidavit of Oliver Blumgart (Blumgart Aff., ECF No. 115) describes various instances of UDDC's use of the name of its shop and daycare facility. But plaintiff's use of its mark does not establish that the mark has become distinctive in the eyes of the public. UDDC acknowledges that its mark is descriptive. (Op. and Order, ECF No. 53, at 5, 6; Tr. of May 26, 2010 Conf. (Spinney Decl. Ex. C), ECF No. 85-3, 13:15-21; Blumgart Dep. I, ECF No. 85-1, 13:4-9.) The only way for a descriptive mark to attain distinctive status is through a showing that it has acquired secondary meaning. *Boriquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 116 (1st Cir. 2006). To do that, UDDC must prove that a substantial portion of the consuming public associates "Unleashed" specifically with the Plaintiff's business. *See Boston Beer Co. Ltd. Partnership v. Slesar Bros. Brewing Co., Inc.*, 9 F.3d 175, 182 (1st Cir. 1993). The Blumgart Affidavit simply does not speak to this requirement; it fails to show even one

instance of a consumer associating "Unleashed" with UDDC, as opposed to all the other users of that descriptive term in the field of pet supplies and services.

In fact, the exhibits to Blumgart's affidavit confirm Petco's position that UDDC does not use the mark "Unleashed" alone; it uses a composite mark, like Petco, in order to distinguish itself from other users of "Unleashed". Exhibits 8 and 10, for example, are signs for "Unleashed—the Shop." (ECF Nos. 122, 124.) Exhibit 9 is a brochure bearing the name "Unleashed" with "Doggie Daycare" underneath. (ECF No. 123.) Exhibit 12 consists of several advertisements and a letter addressed to "Unleashed—the Shop." (ECF No. 125.) Exhibit 14 shows a jacket emblem bearing the mark "Unleashed Doggie Day Care" (ECF No. 126), and, similarly, Exhibit 16 shows a label for "Unleashed Doggie Daycare, LLC" with the website www.unleashthedog.com (ECF No. 128). In those exhibits showing Blumgart using the term "Unleashed" (ECF Nos. 118, 119), it was only as a nickname for "Beverly Petsitters" as he was preparing to change the business name to Unleashed Doggie Day Care or while misrepresenting that he owned a registered trademark for "Unleashed." (ECF Nos. 9, 16.)[1] In short, Blumgart's Affidavit establishes that UDDC does not even make consistent, sustained use of "Unleashed" alone as its mark, let alone that its use has been so pervasive that the consuming public has now come to associate that mark solely with UDDC's services.

   B. **UDDC's Affidavits Do Not Show Relevant Actual Confusion**

While UDDC claims to have evidence of actual confusion in the form of affidavits from over 30 individuals, UDDC actually submitted affidavits of 19 individuals[2] "describing their

---

[1] Several of the exhibits to Blumgart's affidavit are either missing or misnumbered, as there was no exhibit 11, 13 or 15 filed, and exhibits 8-16 appear to be misnumberd. (*See* ECF Nos. 115-128.)

[2] UDDC claims to have 30 witnesses who were willing to "submit affidavits describing their opinion on the goods and services provided by plaintiff and their initial impression of Unleashed by Petco." (Opp. at 4.) UDDC, however, submitted only 19 affidavits—six of which, along with the Blumgart Affidavit, are subject to Petco's Motion to Strike (ECF No. 130).

opinion . . . and their initial impression of Unleashed by Petco." (Opp., ECF No. 95 at 4.) None of the customer affidavits UDDC has submitted provide admissible evidence of the type of actual confusion that is relevant to a trademark infringement claim.[3]  Actual confusion must be "commercially relevant," which means it is capable of inflicting "commercial injury in the form of . . . a diversion of sales, damage to goodwill, or loss of control over reputation on the trademark holder." *Beacon Mut. Ins. Co. v. OneBeacon Ins. Group*, 376 F.3d 8, 15 (1st Cir. 2004); *see, e.g.*, *Astra Pharm. Prods. Inc. v. Beckman Instruments, Inc.*, 718 F.2d 1201, 1207 (1st Cir. 1983) (finding no actual confusion absent evidence "that anyone ever bought a Beckman analyzer thinking it came from Astra, or that anyone ever bought Astra products believing that they came from Beckman."); *Bear Republic Brewing Co. v. Central City Brewing Co.*, 716 F. Supp. 2d 134, 149 (D. Mass. 2010) (finding that the evidence did not demonstrate actual confusion when "the plaintiff has not alleged that any of these occurrences resulted in a loss of sales or customers."); *Riverbank, Inc. v. River Bank*, 625 F. Supp. 2d 65, 74 (D. Mass. 2009) (summary judgment granted in favor of the defendant; the record evidence did not support a finding that the alleged confusion was commercially relevant since the plaintiff did not produce evidence that the alleged confusion resulted in a mistaken purchase by any consumers). Not one of UDDC's purported witnesses alleges to have experienced any confusion leading an affiant to purchase any goods at Unleashed by Petco believing it was UDDC, or otherwise affecting their shopping for pet services or products in any way.

UDDC has not submitted any evidence to establish that it lost a single customer to Petco as a result of any confusion. At a minimum, UDDC must at least provide some evidence that

---

[3] As a matter of procedure, none of the affidavits were cited in UDDC's Opposition, and none of them even state that they were drafted in support of UDDC's Opposition. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by: citing to particular parts of the record, including . . . affidavits or declarations"). Nevertheless, Petco will address them as if that is what UDDC intended.

shows "a significant risk to the sales or good will of the trademark owner." *Beacon Mut. Ins. Co. v. OneBeacon Ins. Group*, 376 F.3d 8, 15 (1st Cir. 2004) (citing Restatement (Third) of Unfair Competition § 20 cmt. b (1995)).  In his deposition, Mr. Blumgart was unable to identify even one customer he lost to Unleashed by Petco,[4] yet UDDC promises that it "will show that this is simply wrong."  (Opp. at 4.)  To survive summary judgment, however, UDDC needs to do more than promise to come up with new evidence for trial.  *See* Griggs-Ryan, 904 F.2d at 115 (quoting *Garside*, 895 F.2d at 49) ("Neither wishful thinking nor 'mere promise[s] to produce admissible evidence at trial . . . will serve to defeat a properly focused Rule 56 motion.'")

None of UDDC's customer affiants claims to have diverted her or his business to Petco because of any confusion.  On the contrary, several say that they outright refuse to shop at Unleashed by Petco, or in one case, at any other Petco store, out of loyalty to Mr. Blumgart.  (ECF Nos. 99-102, 108-110 at 4).  Others note that they have never patronized the Unleashed by Petco store.  (ECF No. 100 at 4, 105 at 4, 107 at 4, 111 at 10.)  Even the witnesses who bought items at Unleashed by Petco only did so after learning that it was a Petco store.  (ECF No. 104 at 5, 106 at 4, 112 at 4, 113 at 3-4.)  One witness, for example, acknowledges she has purchased some goods at Unleashed by Petco because of its selection and convenience (ECF No. 104 at 5), not because she was confused.

UDDC asserts that its customers are fiercely loyal (ECF No. 95 at 4), and Petco does not question whether this is true.  There simply is no reason presented for this Court to assume that the loyal customer following built up by UDDC is somehow going to become confused in the future, after showing no indication of confusion during the last approximately eighteen months, because of a retail pet goods store sharing a common element of a composite mark as their pet

---

[4] Blumgart Dep. II 242:3-7, ECF No. 85-2 (Q: "Do you contend that anybody who was already using your services at Trask Street for dog daycare stopped using your services because Petco opened its store?  A: I have no idea.").

sitter / groomer.  In fact, UDDC's customers' loyalty is so strong that several reacted to first seeing the with anger (ECF No. 108 at 4), frustration (ECF No. 107 at 4), shock (ECF No. 111 at 8) or the "thought that it was terrible" (ECF No. 109 at 4).  Such emotions indicate that there is not even the slightest chance, let alone a "substantial likelihood," that these customers will become confused and wind up at Unleashed by Petco on a future trip to UDDC.

Finally, while four people may have offered their opinions that the names were "confusing," this is irrelevant for the purposes of trademark infringement.  *See* Richard L. Kirkpatrick, *Likelihood of Confusion in Trademark Law,* § 1.8.c, at 1–45 (PLI 1995) ("[L]ay or even expert opinion about the likelihood of confusion is inadmissible or entitled to little weight.").  Also irrelevant is the fact that some witnesses may have been under the mistaken initial impression that Unleashed by Petco was associated with UDDC when it first opened.  This is the type of "temporary confusion" that this Court has rejected as not commercially relevant.  *See, e.g.*, *Riverbank*, 625 F. Supp. at 74 (rejecting evidence that the Plaintiff was "regularly contacted by persons who were actually seeking the [Defendant]"); *Astra*, 718 F.2d at 1207 (rejecting evidence that customers mistakenly associated Astra salesmen with the defendant's product, which displays the acronym "Astra," without evidence that such temporary confusion influenced any buying decisions).

In all, the witness Affidavits submitted by UDDC firmly establish that its customers are faithful and genuinely happy with UDDC's services.  Many are equally unhappy that Petco located its store in the same town as UDDC.  Not one presents evidence of facts that might be used to prove legally relevant confusion based on the parties' marks such that a trial is necessary, or even appropriate, to determine whether Petco's mark infringes any trademark rights of UDDC.  Accordingly, summary judgment should be awarded in favor of Petco.

**Conclusion**

For these reasons, in addition to the reasons provided in its Memorandum of Law in Support of Defendant's Motion for Summary Judgment, Petco respectfully requests that this Court grant its Motion for Summary Judgment.

                    PETCO ANIMAL SUPPLIES STORES, INC.
                    By its attorneys,

*/s/Elizabeth A. Spinney*
Elizabeth A. Spinney (BBO #657848)
Steven M. Cowley (BBO #554534)
Deborah Higashi Dodge (BBO #672838)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA  02199-7613
Tel. 617.239.0100
Fax 617.227.4420
espinney@edwardswildman.com
scowley@edwardswildman.com
ddodge@edwardswildman.com

Dated November 28, 2011

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that the foregoing Motion filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 28th day of November 2011.

                                              */s/ Elizabeth A. Spinney*
                                              Elizabeth A. Spinney